OWEN, Circuit Judge,
dissenting:
I agree with most of the panel’s majority opinion. However, I respectfully submit that the bankruptcy court’s error in failing to determine whether Chase Capital Corp. (“Chase”) was in fact oversecured was not harmless. The Official Committee of Unsecured Creditors (the “Committee”) contends that Chase was in fact underse-cured and therefore that Chase will be overpaid under the terms of the Settlement Agreement by more than $5,000,000. The Committee further contends that any costs of future litigation to resolve whether Chase was oversecured would be substantially less than $5,000,000. There is a reasonable probability that the costs of further litigation would not approach $5,000,000. I therefore cannot say that the bankruptcy court’s error was harmless or conclude that approval of the Settlement Agreement was fair and equitable or in the best interests of the estate.
Chase contends that if the Settlement Agreement is not approved, Chase will reassert a $14.7 million claim against the Trustee, arguing that there was a diminution of the value of Chase’s collateral. *546 However, the Committee asserts that the value of Chase’s collateral increased substantially (by approximately $25,000,000) during the pendency of the bankruptcy proceedings and that Chase’s diminution claim should have been denied by the bankruptcy court or considered as having no value in assessing the Settlement Agreement. There appears to be evidence in the record supporting the Committee’s position that Chase’s collateral did not decline in value, and Chase does not contend otherwise in this appeal. Chase contends only that the Committee waived'its argument regarding the diminution claim.
Because the bankruptcy court erred in failing to determine if Chase was overse-cured under 11 U.S.C. § 502(b), and there are material issues of fact, I would remand this case to the bankruptcy court for findings.
The bankruptcy court held a two-day hearing and admitted numerous exhibits on the issue of the value of Chase’s collateral, and without discussing any specific testimony or evidence in particular, it stated only that it “fe[ltj” as though Chase was oversecured. The Fifth Circuit has remanded for factual determinations when the lower court’s factual findings are not “explicit enough to enable us to review them.”[1]
In In re Missionary Baptist Foundation of America, the bankruptcy trustee and a creditor disagreed on the amount the creditor was secured in the estate’s capital at different points in time.[2] The bankruptcy court did not make specific findings of fact; it stated only that that “the evidence does not support the trustee’s position.”[3] The Fifth Circuit was “left with no basis for deciding whether the bankruptcy court’s ‘findings’ on this issue were clearly erroneous or not; indeed, we have no basis for meaningful review at all.”[4] The court explained that “the proper solution is to remand the case for a factual determination” of the issue.[5]
In the present case, the bankruptcy court has provided an inadequate explanation for its determinations, and no meaningful review can occur on appeal. The bankruptcy court did not discuss any evidence or testimony supporting its “feel[ing]” of the value of Chase’s collateral. Nor did the bankruptcy court discuss evidence in support of its conclusion that “[c]onsidering the costs of litigation, the unsecured creditors will probably receive more in this settlement than they would receive if the committee prevailed upon appeal.”
Remanding for a factual determination on Chase’s secured status does not likely carry the risk of harm to third parties not party to this litigation that might otherwise accompany further litigation after a reorganization plan has been substantially consummated. As this court explained regarding this particular bankruptcy litigation: “The only change in the estate distribution that the Committee seeks is a smaller distribution to Chase and a larger distribution to the Committee. In this liquidating plan scenario, under the particular facts of this case, ‘overturning the Plan’ functionally would mean no more than re-allocation of money from Chase to *547 other parties in interest.”[6]
For these reasons, I would reverse and remand this proceeding to the bankruptcy court.

. Ratliff v. Governor’s Highway Safety Program, 791 F.2d 394, 400 (5th Cir.1986).

. Wilson v. First Nat’l Bank, Lubbock, Tex. (In re Missionary Baptist Found. of Am., Inc.), 796 F.2d 752, 759-60 (5th Cir.1986).

. Id. at 760.

. Id. at 761.

. Id.

. Official Comm, of Unsecured Creditors v. Moeller (In re AGE Refining, Inc.), 537 Fed.Appx. 393, 398 (5th Cir.2013).